521 So.2d 126 (1987)
GLOBAL WATER CONDITIONING, Appellant,
v.
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, DIVISION OF FORESTRY, Appellee.
No. BS-125.
District Court of Appeal of Florida, First District.
December 21, 1987.
On Motion for Clarification February 24, 1988.
*127 Michael T. Callahan and James C. Barth of Callahan, Schecter & Barth, Tallahassee, for appellant.
Clinton H. Coulter, Jr., Dept. of Agriculture and Consumer Services, Tallahassee, for appellee.
ZEHMER, Judge.
Global Water Conditioning (Global) is one of several bidders responding to invitations by the Department of Agriculture, Division of Forestry, to bid on a project for installation and exchange of ethylene dibromide (EDB) water filters. Global appeals an order of the Commissioner of Agriculture declaring that a "state of emergency exists with regard to the noticing of immediately re-advertising for bid on Ethylene dibromide water filters to be installed on wells that contain ethylene dibromide" which, Global says, has wrongfully interfered with the bidding process. For the reasons set forth below, we affirm.
The existing state contract with Continental Water Systems for EDB filter exchanges and installations expired in September 1986. Bids for a new contract in project DOF-ADM-13 were sent out in August 1986, and were opened on September 24, 1986. The three lowest bidders, one of which was Global, were disqualified because none met the necessary specifications. In the length of time required to rebid, 400 EDB filters reached the limit of their ability to safely remove EDB from private home water supplies, and thus, the Department issued Emergency Purchase Order number 11907 to Continental Water Systems for $139,120.
On November 14, 1986, the Division of Forestry reissued invitations to bid on project DOF-ADM-29, indicating certain additional conditions. The rebid was opened, and on December 19, 1986, the bid tabulation was posted. The Department made no award due to "ambiguities in spec[ifications] and prequalifying requirements" and noted it would rebid the project. On December 23, 1986, Global filed a notice of protest directed at the Department's bid rejection. On December 31, 1986, Global filed a Formal Protest of *128 Decision Not to Award a Bid and Request For Formal Hearing. No order has been entered ruling on this protest. At oral argument counsel for the Department stated that the bid protest was not ruled upon because it was untimely.
In a letter to the director of purchasing dated February 5, 1987, the director of the division of forestry stated:
Ambiguities with all three bids and with the assurances from two bidders that protests would be filed, evoked the realization that it could be up to six months before the vendor would be in the field installing and exchanging EDB filters if the full protest hearing procedures were followed. This would mean that over 900 filters would have passed their useful life thus exposing citizens of Florida to the health risks of EDB contamination.
(R. 84). The described "crisis" led to the Commissioner of Agriculture's Declaration of Emergency dated January 23, 1987, which allowed the Department to immediately advertise for bids "to avoid an immediate and serious danger to the public health." The Declaration of Emergency order was intended by the Department to constitute final agency action.
On January 27, 1987, the Department issued a notice stating that a rebid of the project would occur on February 17, 1987. Due to the fact that 150 filters scheduled for change in February and March, 1987 would not be addressed by the new vendor until April, the Department issued purchase order number 12779 to Continental Water Systems for EDB filter exchanges, in an amount not to exceed $45,150.
Subsequently, on February 17, 1987, the scheduled rebid on project DOF-ADM-41 was held and posted. The Department awarded the EDB water filter installation and exchange contract to Continental Water Systems. Global filed a petition for a formal hearing to protest this award. The petition was denied by the Department because (1) the petition did not establish any disputed issues of fact and (2) the sufficiency of the Declaration of Emergency entered on January 23, 1987 was the subject of an appeal pending in the First District Court of Appeal.
The notice of appeal states that Global is appealing the Declaration of Emergency issued by the Commissioner of Agriculture on January 23, 1987. Global's brief raises five points: (1) whether the Department of Agriculture and Consumer Services erred in failing to award bid number DOF-ADM-29 to Global as the lowest qualified bidder; (2) whether the Department erred in failing to grant or deny Global's timely request for an administrative hearing; (3) whether the Declaration of Emergency issued by the Department was an arbitrary and capricious exercise of the Department's power in order to avoid administrative review and the bidding process; (4) whether the subsequent award of the contract for EDB water filter installations and exchanges was invalidly made to Continental Water Systems, Inc., and therefore, Global is entitled to contractual remedies at law; and (5) whether this court has the authority under section 120.68, Florida Statutes, to review the Department's rejection of all bids, its failure to grant or deny appellant's request for formal hearing, its issuance of the Declaration of Emergency, and its rebid and award of bid number DOF-ADM-41 to Continental Water Systems.
In points one and two, appellant requests the court to hold that the Department erred in failing to accept Global's bid in the December 16, 1986, bid-letting, and that the Department erred in not entering an order granting or denying Global's request for an administrative hearing in respect to that bid. The December 1986 bidletting was an independent proceeding, and was not part of the Declaration of Emergency, so this issue is not properly before us on appeal from the Declaration of Emergency. The Department never issued an order on this matter, so there is no administrative action as yet for this court to review. We must point out, however, that while this appeal of the Declaration of Emergency does not bring with it the power to review all prior proceedings, likewise the issuance of that declaration does not extinguish or render moot Global's request *129 for a hearing to review its protest of the denial of its bid. But Global, if it desired to obtain appellate review of the Department's failure to grant or act on its request for a hearing, should have pursued other more appropriate remedies, such as a petition for writ of mandamus.[1]
Appellant's fourth point seeks to have us rule on the validity of the bid award dated February 23, 1987. This bidletting was also an independent proceeding and not part of the Declaration of Emergency issued January 23, 1987. Because this action was taken after the notice of appeal was filed, this issue likewise is not properly before us and cannot be reviewed. See Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979) (court cannot review judicial acts which take place after the filing of notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal).
Global's fifth point reasserts its position that this court has the authority to review the Department's rejection of all bids, its failure to rule on Global's request for a formal hearing, the issuance of the Declaration of Emergency, and the subsequent rebid and award of the contract to Continental. As much as we are disposed to grant such review on this appeal in the interest of conserving judicial labor and expediting the resolution of this matter of great importance to the public safety, we conclude that, except for review of the order of Declaration of Emergency, we do not have authority to review the Department's other actions complained of in appellant's brief.
We now discuss Global's third point, which questions whether the Declaration of Emergency was an arbitrary and capricious exercise of the Department's power. The power of the Commissioner of Agriculture to issue orders pertaining to agriculture is found in section 4(f) of Article IV of the Florida Constitution, which states that the "commissioner of agriculture shall have supervision of matters pertaining to agriculture." and section 570.07(21), Florida Statutes (1985), which authorizes the department to "declare an emergency when such exists in any matter pertaining to agriculture." In respect to competitive bidding, section 120.53(5)(c) provides:
Upon receipt of a notice of protest which has been timely filed, the agency shall stop the bid solicitation process or the contract award process until the subject of the protest is resolved by final agency action, unless the agency head sets forth in writing particular facts and circumstances which require the continuance of the bid solicitation process or the contract award process without delay in order to avoid an immediate and serious danger to the public health, safety, or welfare.

(Emphasis supplied). Rule 13A-1.006(3)(d), Florida Administrative Code, reiterates the above language, and also states that "such written determination shall recite with particularity the facts underlying such findings and shall constitute final agency action." Unquestionably, the Department had ample authority to determine that an emergency existed and issue this declaration.
The record contains competent substantial evidence to support the Department's finding that an emergency situation existed. Thomas D. Atkeson, Program Manager of the Epidemic Surveillance and *130 Investigation Unit of HRS, notified the Department by letter that:
Of the pesticides tested to date, EDB is the most potent animal, and presumably human as well, carcinogen. The installation of granular activated carbon filters ... is extremely important in reducing human exposure to this toxin. Therefore, we would encourage any activities within your department that would expedite the continuation of the filter installation program including quick resolution of bid # DOF-ADM-29.
(R. 61). Howard L. Rhodes, Director of the Division of Environmental Programs of DER, notified the Department that:
Many filters will soon exceed [the six month expected life of the filters] and need replacement, and other wells will require new filters. I therefore believe the only prudent course of action to protect the public health is to extend the existing emergency contract and thus ensure that citizens with contaminated wells will continue to receive EDB-free water.
(R. 61). Global's notice of protest filed on December 23, 1986, stopped the bid solicitation process. The Department determined that the delay caused by this protest would cause an immediate and serious danger to the public health, safety, and welfare, by delaying the acquisition and installation of EDB filters in numerous wells necessary to protect the water supply of Florida citizens. Based on this determination, Commissioner Conner issued the Emergency Declaration to meet this emergency need on a temporary basis while allowing the Department to continue with the bid solicitation process and eventual contract award on a permanent basis.
In view of this record, we hold that Global has not shown that the Department's actions in issuing the Declaration of Emergency were arbitrary and capricious or otherwise invalid.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

ON MOTION FOR CLARIFICATION
ZEHMER, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.330, the Department of Agriculture moves for clarification of our decision filed December 21, 1987, alleging that we have misapprehended certain facts as stated in the opinion.
The Department correctly points out that appellant's bid protest was filed on December 23, 1986, a Tuesday, not on Monday afternoon as stated in footnote 1 of our opinion. This clarification does not affect the decision we reached, but the opinion should be and is hereby corrected to reflect the accurate fact.
Regarding Global's December 23, 1986, notice of protest in project DOF-ADM-29, the Department takes issue with the statement in our opinion that "no order has been entered ruling on this protest." The Department contends that it did in fact render an order concerning this bid protest on April 3, 1987, that a copy of this order was included in the appellant's reply brief, and that at oral argument counsel for the Department clarified that appellant's bid protest had been ruled upon, by stating:
On April the third of this year, I think that the department issued an order saying that it was not going to refer the request, that it go to DOAH [for an administrative hearing], to DOAH. [Emphasis added.]
The Department also contends that earlier during oral argument counsel for the Department stated that the Department had denied Global's request for an administrative hearing.
The April 3, 1987 order referred to, entitled Order Denying Request For Hearing, recites:
The Department of Agriculture and Consumer Services has received request for formal administrative hearing from Global Water Conditioning, relating to the rebidding of EDB water filter exchanges and installation and the failure of the Petitioner to be awarded the bid.
After reviewing this request, it is concluded that the request for a hearing is denied for the following reasons:
1. The Petition does not establish any disputed issues of fact.
2. The sufficiency of the Declaration of Emergency, entered by the Commissioner of Agriculture of January 23, 1987, is the subject of an appeal currently pending in the District Court of Appeal, First District.
*131 [Emphasis added.]
In its response to the Department's motion, Global states that the order of April 3 was issued in response to Global's second request for formal hearing, filed March 5, 1987, protesting the rebid of project DOF-ADM-41 and the Department's subsequent award to Continental Water Systems, Inc. Global contends that counsel for the Department is now attempting to mislead the Court or otherwise misrepresent the Department's position at oral argument and throughout the course of this proceeding, and cites to portions of the October 8, 1987, oral argument at which the following exchanges occurred:
The Court: The Department never ruled on that [December 23d] protest?
Counsel for DOACS/DOF: No, sir, that's true. And the reason the Department hasn't, I think, is a valid one, and that is that the protest was untimely.
Shortly thereafter during oral argument, the court posed the following question and received the following reply:
The Court: Why did the Department not issue a final order rejecting the [December 23d] protest because it was untimely in accordance with the argument you just made to us?
Counsel for DOACS/DOF: I think because the Department, if it's untimely, then it doesn't need to do a thing because it's jurisdiction[al]; there is no, it doesn't need to issue it.
Global further contends that the April 3 order refers to the receipt of "this request" and to the specific allegations made in the Petition for Formal Hearing in DOF-ADM-41, and specifically bases the denial on the pending appeal of the Commissioner of Agriculture's January 23, 1987 Declaration of Emergency. Global argues that since the Declaration of Emergency postdated Global's December 31, 1986 formal bid protest and request for formal hearing, the Department's order of April 3 cannot possibly be construed as an order on Global's December 1986 request for formal hearing. Global takes the position that even though the April 3 order had listed both bid numbers on the top of the page, the decretal portions of the order, such as they were, only addressed the subsequent petition for formal hearing on the rebid in February. Moreover, Global says, because the Department has consistently and repeatedly argued that Global's notice of protest was not timely filed and thus Global waived administrative review, Global has been forced to defend against this position throughout the appeal and the acknowledgment at oral argument by its counsel that no order on Global's initial protest was issued on grounds the protest was untimely, should now represent to this court that the Department had, in fact, issued such an order.
After careful review of the record and recording of the oral argument, we must agree with Global. At best, we find the Department's request for clarification, if not representing a complete change of position, to be totally lacking in the definitiveness required to alter our opinion. Both in the Department's brief and during oral argument, counsel for the Department spent the majority of the time arguing that because Global's protest filed in December was untimely the Department did not have to rule on it. Counsel for the Department stated at least twice that the Department had not ruled on the December bid protest. We were cognizant when issuing our opinion, and we are now cognizant, that near the end of the Department's oral argument, when counsel was again asked when the Department expected to issue an order ruling on Global's December bid protest, he stated somewhat equivocally that he *132 thought the Department had issued an order in April 1987 denying Global's request for a referral to DOAH in both cases, DOF-ADM-29 and DOF-ADM-41, but also conceded that the order did not specify that the December bid protest was untimely filed.
Despite the reference to case numbers DOF-ADM-29 and DOF-ADM-41 in the upper right hand corner of the order, in view of the Department's consistent position that no order ruling on the December bid protest had been issued (at least until the equivocal statements made by counsel near the end of oral argument), we are not willing to characterize it as a final definitive resolution of Global's first request for a formal hearing sufficient to put Global on notice that it should have appealed from that order to preserve its right of review in respect to the December bid. The order is deficient in several material respects: first, it contains no findings of facts or conclusions of law; second, it does not address the timeliness issue that has been the subject of continuing debate between the parties; and third, the order does not state that it is a final order from which an appeal can be taken.
With this clarification of the record and proceedings at oral argument, we adhere to our opinion of December 21 and direct that the Department forthwith issue a proper order definitively and finally resolving this issue so that Global may proceed to obtain meaningful appellate review of the Department's denial of hearing on its December bid protest.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] We do not by this decision reject the validity of Global's arguments under these two points. An agency is not entitled to ignore a properly filed request for hearing. If the agency determines the request is not timely perfected, it is nevertheless obligated to issue an order to that effect. We can readily understand Global's frustration in not being able to obtain meaningful appellate review of the Department's action on its December bid, and are sympathetic to its criticism of the Department's contention that Global's notice of protest was untimely filed because the bid tabulation posting was made on Friday morning, and the protest was not filed until Tuesday afternoon, more than the 72 hours allowed by section 120.53(5)(b). The Department's dogged attempt to include Saturday and Sunday in calculating the 72-hour period as the basis for denying Global's request deserves little, if any consideration in the face of rule 13A-1.006(3), Fla. Admin. Code, which the Department is forced to contend is invalid. Regretfully, we are not empowered to make a final disposition of this issue on this appeal.