WENTWORTH, Judge.
Appellant seeks review of an administrative order dismissing its protest of appel-lee’s contract bid decision. Appellee declined to provide appellant an administrative hearing, determining that the formal written protest was insufficient because it did not include a copy of appellee’s bid tabulation. We find that in the context of this case this omission was not fatal to appellant’s protest and hearing request, since the formal protest was in substantial compliance with the form as required by the pertinent rules. We therefore reverse the order appealed.
Appellant submitted a contract bid to install and exchange ethylene dibromide water filters. Appellee disqualified various bidders, including appellant, and reissued invitations to bid. Appellant again submitted a bid, and was the low bidder. Ap-pellee rejected all bids, indicating that it would again rebid the project. Appellant filed a notice of protest, and then a formal written protest requesting an administrative hearing.
Appellee issued a Declaration of Emergency in order to immediately rebid the project and thereby avoid a public health crisis. Appellee again received new bids, including one from appellant, and awarded the contract to appellant’s competitor.
Appellant obtained review in this court as to appellee’s Declaration of Emergency. In Global Water Conditioning v. Department of Agriculture, 521 So.2d 126 (Fla. 1st DCA 1987), this court upheld appellee’s action in issuing a Declaration of Emergency. Because appellant’s notice of appeal was limited to that order only, the court declined to dispose of other issues which the parties sought to present, including appellant’s assertions of error with regard to appellee’s prior rejection of all submitted bids when appellant was . the low bidder. However, the court noted that appellee had not entered any order or provided appellant with a hearing as to the prior protest, and directed appellee to enter an order “definitively and finally resolving” the necessary issues with regard to appellant’s protest and request for hearing.
After appellant took further action to compel appellee to issue an order as directed by this court, appellee finally complied and entered an order. Appellee nevertheless declined to address the merits of appellant’s challenge to the rejection of its bid, ruling instead that the formal written protest was insufficient because appellant failed to attach a copy of appellee’s bid tabulation by which all bids were rejected. Although appellant submitted a copy of this document after filing its formal written protest, the submission was made be *1285 yond the formal protest time limit established in Rule 13A-1.006(3), F.A.C., and section 120.53(5), Florida Statutes. In accordance with its determination that appellant’s written protest was insufficient, ap-pellee dismissed the protest without an administrative hearing.
Section 120.53(5), Florida Statutes, describes procedures for the resolution of protests under the contract bidding process, but does not specify the necessary contents of a formal written protest. Section 287.042(13), Florida Statutes, authorizes the adoption of administrative rules as to the competitive bidding process. Rule 13A-1.006(3), F.A.C., directs that a formal written protest state “with particularity the facts and law upon which the protest is based and in substantially the same form as a petition in accordance with Rule 13-4.012....” Rule 13-4.012(2)(e), F.A.C., requires that a petition for an administrative hearing contain a copy of the challenged agency decision.
Appellee’s bid tabulation was the document announcing the decision to reject all bids and rebid the project. While appellant did not submit a copy of this document within the time limits for a written protest, appellant’s protest was otherwise timely filed. The written protest referenced, described and identified the bid tabulation and the contents thereof. The written protest even quoted portions of the bid tabulation, which was both prepared and posted by appellee. In these circumstances appel-lee was not prejudiced by appellant’s failure to promptly submit a copy of the bid tabulation with its formal written protest.
Section 287.042(13),Florida Statutes, requires appellee to act “in strict accordance” with the applicable competitive bidding rules and procedures. Since Rule 13A-1.-006(3) provides that a protest need only be “in substantially the same form” as a Rule 13-4.012 petition, strict accordance to the rules precludes appellee from dismissing such protests for failing to be in the precise form of a Rule 13-4.012 petition. Appellee has identified no deficiency as to appellant’s protest except the failure to promptly submit a copy of the bid tabulation. In the context of this case appellant’s formal written protest was in substantially the same form as a petition for administrative hearing under Rule 13-4.012. The written protest was thus sufficient under Rule 13A-1.006(3), and appellee should not have declined to provide a hearing and dismissed the protest merely because it was filed without a copy of the bid tabulation.
The order appealed is reversed and the cause remanded.
THOMPSON and WIGGINTON, JJ., concur.