COBB, Judge.
Petitioner, NEC Business Communication Systems (East), Inc. (NEC), seeks review of non-final administrative action taken by respondent, the Seminole County School Board. We have jurisdiction. See § 120.68(1), Fla.Stat. (1995) (preliminary or intermediate action of an agency is immediately reviewable by a district court of appeal if review of the final agency decision would not provide an adequate remedy).
NEC submitted a proposal to the respondent school board to establish a new district-wide telecommunications system. The school board ultimately voted to award the contract to Siemens-Rolm Communications, Inc. (Siemens). NEC filed a formal written protest, and the dispute was eventually referred to the Division of Administrative Hearings. Under the school board’s rules, a protest halts the contract award process, unless the school board sets forth in writing particular facts and circumstances which require continuation without delay in order to avoid an immediate and serious danger to the public health, safety, or welfare. While the protest was pending, the school board authorized Siemens to begin performance under the contract. Siemens was instructed to install the first telephone system at the new educational support center. The school board, pursuant to its rules, entered a written declaration of necessity. It was determined that the telecommunications contract process must continue if the district staff was to occupy the educational support center as planned. The move into the new building was considered necessary to consolidate various administrative support services. The school board found that the staff must have a functional phone system in the new building. It was further found that the new building was substantially complete and the school district was incurring utility charges and maintenance costs. NEC seeks review of the school board’s decision to proceed with the contract award process pending its protest.
The school board’s rules concerning the resolution of bid and contract disputes is virtually identical to section 120.53(5)(e), Florida Statutes (1995), which requires the bid solicitation or contract award process to be stayed pending a formal written protest unless the agency head “sets forth in writing particular facts and circumstances which require the continuance of the bid solicitation process or the contract award process without delay in order to avoid an immediate and serious danger to the public health, safety, or welfare.” The school board’s declaration of necessity failed to describe any perceived danger occasioned by the stay. Whereas it may be convenient and efficient to transfer administrative staff to the new building as soon as possible and provide phone service under the new contract, the school board has not shown that the stay presents a serious *340 and immediate danger to the public welfare. Cf. Global Water Conditioning v. Department of Agriculture and Consumer Services Div. of Forestry, 521 So.2d 126 (Fla. 1st DCA 1987). The school board submits that it is only making a limited purchase and authorizing the installation of the first system in a multi-phase contract. However, in the absence of a serious and immediate danger, the school board’s rules do not provide a procedure to obtain limited or partial relief from its stay provision. We therefore grant the petition, as plenary appeal from the final school board action would not provide an adequate remedy. Until the protest is resolved by final school board action, the stay mandated by the school board rules must be reimposed. Cf. Cianbro Corp. v. Jacksonville Transportation Authority, 473 So.2d 209 (Fla. 1st DCA 1985).
PETITION GRANTED; STAY REIMPOSED.
DAUKSCH and ANTOON, JJ., concur.