PER CURIAM.
By a petition for writ of mandamus, Charles E. Simmons, M.D., seeks to compel the Agency for Health Care Administration to provide him a clear point of entry into agency proceedings concerning the denial of his request to enroll as a provider in the Medicaid Program. We grant the petition to the extent set forth herein.
Dr. Simmons filed an application with AHCA to enroll as a Medicaid Provider, but was informed by letter that, for reasons not material at this point, AHCA would not enter into a provider agreement with him. Dr. Simmons then filed a timely petition for formal administrative hearing concerning the denial of his enrollment *432 request. He was informed by letter from the agency clerk, however, that no action would be taken on the request for administrative proceedings based on the agency’s position that the denial of a Medicaid provider application is a contract action over which only the courts have jurisdiction.
Although the parties have argued extensively concerning the question of whether Dr. Simmons is entitled to administrative proceedings concerning the denial of his application, we decline to reach that issue at this point. The question of whether Dr. Simmons is entitled to administrative hearing and the form thereof are matters that should be addressed on appeal from a final agency order. What seems apparent at this point, however, is that AHCA has a clear legal duty under section 120.569(2)(a), Florida Statutes, to enter an order granting or denying the petition for formal administrative hearing. An agency is not entitled to ignore a properly filed request for hearing, and if it determines that the petitioner is not entitled to a hearing, it is obligated to issue an order to that effect. See Global Water Conditioning v. Dep’t of Agriculture and Consumer Serv., 521 So.2d 126 (Fla. 1st DCA 1987); See also Teachers Educators Ass’n, Inc. v. Duval County Sch. Dish, 763 So.2d 1265 (Fla. 1st DCA 2000). Here, AHCA has not discharged its duty in this regard, and instead has simply responded that “no action” will be taken on Dr. Simmons’ petition.
Accordingly, we grant the petition for writ of mandamus to the extent of directing AHCA to enter an appropriate order disposing of the petition for formal administrative hearing within 15 days of the date of mandate herein. If the agency elects to deny the petition, its reasons for doing so can be fully explicated in the agency’s order, which is then subject to appeal to this court. On the other hand, if the agency grants the request for administrative proceedings in some form, its final order entered at the conclusion of those proceedings will likewise be subject to appeal.
PETITION FOR WRIT OF MANDAMUS GRANTED.
VAN NORTWICK, PADOVANO, and POLSTON, JJ., concur.