IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PAULA DREW,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Petitioner,

v.

CASE NO. 1D16-2363

FLORIDA DEPARTMENT OF
EDUCATION,

    Respondent.

_____/

Opinion filed November 2, 2016.

Petition for Writ of Mandamus -- Original Jurisdiction.

Andrea Flynn Mogensen of the Law Office of Andrea Flynn Mogensen, P.A.,
Sarasota, for Petitioner.

Matthew H. Mears, General Counsel, and David L. Jordan, Assistant General Counsel,
Department of Education, Tallahassee, for Respondent.


PER CURIAM.

    Paula Drew sought a permanent exemption from statewide standardized testing

for her daughter who has a number of serious medical conditions, but the Department

of Education denied her request and then refused to hold a hearing to allow Drew to

challenge its denial.  Drew's mandamus petition, which we grant, seeks to compel such

a hearing.[1]

In January 2016, Drew filed a request for an exemption from standardized testing, attaching a letter from her daughter's physician listing at least six critical medical conditions, any one of which could be considered so serious as to warrant consideration for a temporary or permanent exemption. A month later, the Department in a form letter denied the request for exemption without comment or explanation, citing to section 1008.22(10), Florida Statutes, which states:

> **(10) Child with medical complexity.--***In addition to the exemption option provided for under s. 1008.212*, effective July 1, 2014, a child with a medical complexity may be exempt from participating in statewide, standardized assessments, including the Florida Alternate Assessment (FAA), pursuant to the provisions of this subsection.

§ 1008.22(10), Fla. Stat. (2016) (emphasis added). As the highlighted language shows, section 1008.22(10) is a companion to the main exemption statute, section 1008.212, that allows exemptions for students with disabilities,[2] the latter including the

---

[1] During the pendency of this matter, the Department agreed to grant a permanent exemption to Drew's daughter based on her medical complexity, and Drew has asked that this case be closed. Because the issue presented is one of importance and for which a published decision would be helpful, we decline to do so. See State v. Schopp, 653 So. 2d 1016, 1018 (Fla. 1995) ("Even where a notice of voluntary dismissal is timely filed, a reviewing court has discretion to retain jurisdiction and proceed with the appeal.").

[2] Subsection 1008.212(2) provides:

> (2) A student with a disability for whom the individual education plan (IEP) team determines is prevented by a circumstance or condition from physically demonstrating the mastery of skills that have been acquired and are measured by the statewide standardized assessment, a statewide

2

requirement that an expedited hearing be given, stating that the "*parent of a student with a disability who disagrees with the commissioner's denial of an extraordinary exemption may request an expedited hearing.*" Id. § 1008.212(5), Fla. Stat. (emphasis added). The Department must arrange for the hearing to be conducted by the Division of Administrative Hearings to be "commenced within 20 school days after the parent's request for the expedited hearing." Review is de novo (meaning the administrative law judge is not required to defer to the Department's view of the matter) and the Department has the burden of proof in the proceeding. After the expedited hearing, the administrative law judge must issue a ruling within ten school days. Id.

Four days after the Department's denial, Drew specifically requested via e-mail an expedited hearing under subsection 1008.212(5), but received no response so she submitted a written request a few days later. Two weeks passed before the Department sent Drew a letter stating that it was not required to conduct a hearing to review its exemption denial, saying the medical exemption statute, section 1008.22, doesn't provide for such a process and essentially concluding that its denial was "final" and unreviewable.

Undeterred, Drew hired an attorney, who wrote the Department a letter stating

standardized end-of-course assessment, or an alternate assessment pursuant to s. 1008.22(3)(c) shall be granted an extraordinary exemption from the administration of the assessment.

§ 1008.212, Fla. Stat. (2016). Drew's request for an exemption was supported by the school district's IEP team.

3

that Drew's request for exemption and hearing was based on sections 1008.22(10) and 1008.212, Florida Statutes, the latter explicitly providing for an expedited hearing; further, the Department failed to provide Drew with notice and an opportunity to be heard under rule 6A-6.03311 of the Florida Administrative Code, which provides that when the Department denies a request for an exemption from statewide standardized testing, an expedited hearing is available. The Department again rejected Drew's request, prompting Drew's mandamus petition in this Court.

In what amounts to a confession of error, the Department's position is that Drew is barking up the wrong tree: rather than an expedited hearing under the exemption statutes, Drew is entitled to an administrative hearing pursuant to section 120.569(1) of the Florida Administrative Procedure Act, which the Department did not mention in its determination letters. § 120.569(1), Fla. Stat. (2015) (a hearing under section 120.57 is required when an agency's decision affects or determines "the substantial interests of a party."); Simmons v. State, Ag. for Health Care Admin., 950 So. 2d 431, 432 (Fla. 1st DCA 2007) ("An agency is not entitled to ignore a properly filed request for hearing, and if it determines that the petitioner is not entitled to a hearing, it is obligated to issue an order to that effect.") (citations omitted). Though other disability exemption denials are entitled to expedited consideration, the Department reads its statutory authority as not extending to expedited hearings for denials where medical complexity is the claimed disability (what would happen if both medical and non-medical disabilities

4

were at issue is not clear); instead, the affected party's resort is directly to an administrative hearing via section 120.569, Florida Statutes.

Because administrative review via sections 120.569(1) and 120.57, Florida Statutes, is available (and Drew accedes to such review), we need not determine whether denials based on "medical complexity" are entitled statutorily to an expedited hearing, but note that little differentiates the need of a student with a medical disability for such review from other disabilities for which expedited review is required. As such, we grant the petition for writ of mandamus and direct that the Department afford Drew's request for a hearing forthwith.

PETITION GRANTED.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.