# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

No. 1D2022-2940

———————————————

C&S WHOLESALE GROCERS, INC.,

Appellant,

v.

STATE OF FLORIDA, DEPARTMENT
OF BUSINESS AND PROFESSIONAL
REGULATION, DIVISION OF
ALCOHOLIC BEVERAGES AND
TOBACCO,

Appellee.

———————————————

On appeal from the Division of Alcoholic Beverages and Tobacco.
Sterling Whisenhunt, Director.

December 13, 2023

PER CURIAM.

C&S Wholesale Grocers, Inc. (C&S), seeks review of a final order from the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco (the Division) dismissing its petitions for administrative hearing with prejudice. We reverse the portion of the order dismissing the initial petition, affirm the portion of the order dismissing the amended petition, and remand for further proceedings as discussed herein.

*Facts*

C&S, a large out-of-state grocery wholesaler, distributes tobacco products in Florida. Its Florida operations require C&S to collect and remit Florida other tobacco products excise taxes and surcharges (OTP taxes). *See* §§ 210.30(1) & 210.276(1), Fla. Stat. C&S requested a tax refund for OTP taxes it paid between August 2013 and June 2015 (the refund claim).

On August 14, 2015, the Division denied the refund claim. The denial letter notified C&S that under section 72.011, Florida Statutes, it had sixty days within which to contest the denial via an administrative or judicial proceeding.

On October 13, 2015, C&S filed a petition for formal administrative hearing with the Division (the initial petition). The parties agree the initial petition was timely. The second paragraph of the petition stated:

> [C&S] respectfully requests that this Petition be held in the Office of General Counsel to the Department and not forwarded to the Department of Administrative Hearings as there is a substantially similar case (e.g., facts and claims) pending before Florida's Ninth Judicial Circuit Court that will be dispositive of the matter once a final ruling has been made.

The initial petition noted the refund claim was identical to that presented in the Ninth Judicial Circuit case, to wit, that the taxes violate the Commerce and Equal Protection clauses of the United States Constitution.[1]

---

[1] C&S also raised Commerce Clause and Equal Protection challenges to cigarette taxes under sections 210.011 and 210.02(1), Florida Statutes, in a separate circuit court case specific to refund years 2016–2019. The final judgment on the pleadings denied the constitutional challenges. C&S appealed that case to this Court in case number 1D2022-3040. A *per curiam* affirmance opinion issued on August 23, 2023.

The Division admits it did not acknowledge, respond to, or rule on the initial petition. Likewise, C&S admits it did not update its hold request or take action to compel the Division to rule. As a result, the initial petition languished with the Division for years.

A little over four years later, on February 28, 2020, C&S filed a first amended petition for formal administrative hearing (the amended petition). Count one added a new, independent basis for refund under a 2012 Second District Court of Appeal decision. Count two reasserted the constitutional arguments from the initial petition.[2] The amended petition again languished with the Division for years.

Finally, almost seven years after the initial petition and over two years after the amended petition, on August 29, 2022, the Division filed a final order dismissing the petitions with prejudice (the final order).[3] The final order concluded the initial petition was "insufficient" and the amended petition was barred by the sixty-day jurisdictional window in section 72.011. The final order stated:

> The [initial petition] cannot be indefinitely held while waiting on an indeterminate outcome in an unrelated case. The [amended petition], filed outside the 60-day statutory requirement pursuant to section 72.011, F.S., cannot cure any initial petition deficiencies nor include an additional independent basis first asserted years after the Division's refund denial.

The Division concluded neither it nor the Division of Administrative Hearings had jurisdiction to consider the refund denial after sixty days such that dismissal with prejudice was warranted.

---

[2] The related Ninth Judicial Circuit case was voluntarily dismissed in August 2019.

[3] The final order is titled as denying the petitions, but in fact, dismisses both petitions with prejudice.

3

C&S seeks review of the final order pursuant to section 120.68, Florida Statutes. Our review is *de novo. Save Our Creeks v. State of Fla. Fish & Wildlife Conser. Comm'n*, 112 So. 3d 128, 130 (Fla. 1st DCA 2013).

The unique procedural posture of this case raises two issues for discussion: (I) What duty did the Division have to act on the petitions, irrespective of any hold request from C&S, and (II) can the amended petition relate back to the timely filed initial petition.

*I.*

The Division's letter notified C&S of its right to challenge the refund denial. C&S attempted to exercise that right by filing a timely petition for formal administrative hearing with the Division. Under the Administrative Procedure Act, chapter 120, Florida Statutes, the Division had fifteen days within which to rule on the petition. § 120.569(2)(a), Fla. Stat. (a request for a hearing shall be granted or denied within fifteen days after receipt); § 120.569(2)(c), Fla. Stat. ("The agency shall promptly give written notice to all parties of the action taken on the petition, shall state with particularity its reasons if the petition is not granted, and shall state the deadline for filing an amended petition if applicable."). An agency has a statutory mandate to act on a request for hearing. *See Failer v. State, Dep't of Health*, 139 So. 3d 359, 362 (Fla. 1st DCA 2014) (recognizing an agency "must" grant or deny a request for hearing within fifteen days); *Simmons v. State, Ag. for Health Care Admin.*, 950 So. 2d 431 (Fla. 1st DCA 2007) ("An agency is not entitled to ignore a properly filed request for hearing, and if it determines that the petitioner is not entitled to a hearing, it is obligated to issue an order to that effect.").[4] The Division eschewed this statutory mandate when it took no action for almost seven years. We recognize that C&S is not blameless,

[4] It is worth mentioning that *Simmons* involved a petition for writ of mandamus to compel the agency to rule on a petition for formal administrative hearing. 950 So. 2d at 432. Had C&S truly been concerned that the Division was depriving it of due process, C&S could have filed a mandamus petition to compel a ruling. It did not.

but we disagree that C&S could have invited the error where the Division had a duty to act. *Cf. Salam v. Bd. of Prof'l Eng'rs*, 946 So. 2d 48, 49 (Fla. 1st DCA 2006) (granting attorney's fees on a mandamus petition after finding the agency's four-month delay in ruling on Salam's petition for formal hearing constituted a "gross abuse justifying an award of attorney's fees" and stating, "A citizen's rights under the Florida Statutes must be taken seriously by the State's agencies and handled expeditiously."). The Division's inaction deprived C&S of a point of entry to challenge its refund denial.

*A.*

The Division asks us to affirm under the harmless error standard. *See Chrysler v. Dep't of Prof'l Reg.*, 627 So. 2d 31, 34–35 (Fla. 1st DCA 1993) ("An error is harmful where there is a reasonable probability a different result would have been reached but for the error committed."). The Division now asserts there is no reasonable probability of a different result because both it and the Division of Administrative Hearings lack jurisdiction to consider the merits of C&S's constitutional claims.

Irrespective of the hold request, it is difficult to understand why the Division needed almost seven years to determine the initial petition was "insufficient." The Division is correct that agencies and administrative law judges have no authority to declare statutes or existing rules unconstitutional. *See Palm Harbor Special Fire Control Dist. v. Kelly*, 516 So. 2d 249, 250 (Fla. 1987) ("[I]t is axiomatic that an administrative agency has no power to declare a statute void or otherwise unenforceable."). However, that does not mean the Division could dismiss the initial petition with prejudice. In *Key Haven Associated Enterprises, Inc. v. Board of Trustees of Internal Improvement Trust Fund*, 427 So. 2d 153, 157 (Fla. 1982), the Florida Supreme Court acknowledged that a challenge to the facial constitutionality of a statute authorizing agency action may be made in one of two ways — by seeking a declaratory judgment in circuit court or by completing the administrative process and seeking direct review of the facial unconstitutionality in the district court under section 120.68. That is to say, C&S had a right to a section 120.57 proceeding to make its arguments and a record even though the merits of its

5

constitutional challenge could not be considered in the administrative context. We decline to find the Division's almost seven-year delay harmless.

While C&S is not blameless, the Division failed to follow the mandate of section 120.569 and deprived C&S of due process when it dismissed the initial petition without providing an opportunity to be heard under section 120.57. We reverse the portion of the final order dismissing the initial petition.

*II.*

That leaves the amended petition. We agree with the Division in this regard. It had no jurisdiction to consider Count one of the amended petition because the jurisdictional statute of nonclaim expired.

Section 72.011(2)(a) prohibits filing an action to contest the denial of a refund more than sixty days after the date the denial becomes final. In this case, that date was October 13, 2015. C&S's initial petition was filed just in time – on the sixtieth day. The amended petition was not filed until years later.

The sixty-day window in section 72.011(2)(a) is jurisdictional. § 72.011(5), Fla. Stat. With the addition of subsection (5), the legislature clearly meant this to be a jurisdictional statute of nonclaim. *See Dep't of Rev. v. Rudd*, 545 So. 2d 369, 371 (Fla. 1st DCA 1989); *Am. Heritage Window Fashions, LLC v. Dep't of Rev.*, 191 So. 3d 516, 522 (Fla. 2d DCA 2016). Jurisdictional statutes of nonclaim are distinct in that they operate to deprive a court of the power to adjudicate an untimely claim. *See Tampa Port Auth. v. Henriquez*, 48 Fla. L. Weekly D1358 *5 (Fla. 2d DCA July 7, 2023) (citing *Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1253 (Fla. 5th DCA 2010)). The Division is correct that neither it nor the Division of Administrative Hearings had jurisdiction to consider the amended petition that was filed well outside the jurisdictional nonclaim period.

C&S argues a version of the "relation back doctrine" should apply to liberally permit its amendment to the initial petition. We agree that Florida Rule of Administrative Procedure 28-106.202

6

permits amendment. The "relation back doctrine" generally allows an amended pleading to relate back to the date of the original pleading for limitations purposes. *See* Fla. R. Civ. P. 1.190(c); *Smith v. Bruster*, 151 So. 3d 511, 515 (Fla. 1st DCA 2014) (recognizing the relation back doctrine should be liberally construed and applied). The problem for C&S here is the statute of nonclaim. A nonclaim statute is distinct from a statute of limitation in that it deprives a court of jurisdiction to entertain a claim filed after the nonclaim period. *See Gulf Marine Repair Corp. v. Henriquez*, 48 Fla. L. Weekly D1363 *9–*10 (Fla. 2d DCA July 7, 2023) (discussing the application of the relation back doctrine in statute of limitation and highlighting that the relevant statute was not a jurisdictional nonclaim statute that would prevent application of the doctrine) (citing *Wilkinson v. Reese*, 540 So. 2d 141, 143 (Fla. 2d DCA 1989)).

The Division correctly dismissed the amended petition with prejudice as the expiration of the nonclaim period was a jurisdictional defect that could not be cured. *See Merrick Park, LLC v. Garcia*, 299 So. 3d 1096, 1103 (Fla. 3d DCA 2019) (affirming dismissal of Count II of Second Amended Counterclaim where the trial court could not acquire jurisdiction through the relation back doctrine due to the nonclaim statute); *Taylor v. City of Lake Worth*, 964 So. 2d 243, 244 (Fla. 4th DCA 2007) (concluding circuit court lacked jurisdiction to consider an amended pleading that was filed after the nonclaim period expired). We affirm the portion of the final order dismissing the amended petition with prejudice.

## III.

Pursuant to section 120.68(6)(a)1., Florida Statutes, we reverse the portion of the final order dismissing the initial petition. We affirm the portion of the final order dismissing the amended petition with prejudice. The case is remanded to the Division with instructions to conduct a hearing under section 120.57.

REVERSED in part, AFFIRMED in part, and REMANDED.

ROBERTS, KELSEY, and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Kristen M. Fiore and J. Riley Davis, Akerman LLP, Tallahassee; Michael J. Bowen, Akerman LLP, Jacksonville, for Appellant.

Jake Whealdon, General Counsel, Brooke Elizabeth Adams, Chief Appellate Counsel, and Jett Lee Baumann, Chief Legal Counsel, Tallahassee, for Appellee.