# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

Case No. 5D2023-2810
LT Case No. 2020-CC-001221

—————————————————

HOLDING INSURANCE COMPANIES
ACCOUNTABLE, LLC a/a/o
Leonard Caruso,

    Appellant,

    v.

AMERICAN INTEGRITY
INSURANCE COMPANY OF
FLORIDA,

    Appellee.

—————————————————

On appeal from the County Court for Marion County.
Lori Cotton, Judge.

Tyler J. Chasez, of Hale, Hale & Jacobson, P.A., Orlando, for
Appellant.

Caryn L. Bellus and Benjamin B. Carter, of Kubicki Draper, P.A.,
Miami, for Appellee.

January 3, 2025

JAY, J.

    Holding Insurance Companies Accountable, LLC ("HICA")
challenges the entry of summary judgment for American Integrity
Insurance Company of Florida ("American Integrity"). HICA, as an

assignee of post-loss insurance benefits, sued American Integrity for breach of contract. The trial court ruled that HICA lacked standing to sue because the assignment that it relied on did not follow the governing statute. We agree.[*]

## I.

Leonard Caruso owns a house in The Villages. In 2019, the house suffered roof damage. Caruso reported the loss to his insurer, American Integrity. He selected Noland's Roofing to repair the damage and signed a "Direction of Payment" instructing American Integrity to pay Noland's Roofing directly.

After receiving American Integrity's valuation of his claim, Caruso signed an "Assignment of Benefits Contract" with HICA in 2020. HICA is a business that purports to help homeowners enforce their insurance rights. The document indicated that HICA would not provide "any services to protect, repair, restore, or replace [Caruso's] property or to mitigate against further damage to [Caruso's] property, as contemplated by" section 627.7152, Florida Statutes. However, it stated that "[a]ny payments shall be made in accordance with any Direction of Payment relative to" Caruso's claim. Caruso also signed an "Insured Acknowledgement Form" in which he attested, "I want HICA to hold my insurance company accountable for their obligation(s) under the policy of insurance and also to ensure that the direction to pay that I signed with a separate company is honored."

---

[*] This court recently published a per curiam affirmance in a case involving the same parties and issue. *See Holding Ins. Cos. Accountable, LLC v. Am. Integrity Ins. Co. of Fla.*, No. 5D2023-2368, 2024 WL 5195096 (Fla. 5th DCA Dec. 23, 2024). Following that decision, HICA filed a notice of voluntary dismissal in this case. "Even where a notice of voluntary dismissal is timely filed, a reviewing court has discretion to retain jurisdiction and proceed with the appeal." *State v. Schopp*, 653 So. 2d 1016, 1018 (Fla. 1995). Here, "[b]ecause the issue presented is one of importance and for which a published decision would be helpful," we do not accept HICA's notice. *See Drew v. Fla. Dep't of Educ.*, 202 So. 3d 951, 952 n.1 (Fla. 1st DCA 2016) (citing *Schopp*).

Ultimately, HICA—as Caruso's assignee—sued American Integrity for breach of contract, alleging that American Integrity failed to pay the full value of Caruso's claim. HICA demanded "payment in accordance with the existing Direction of Payment." It alleged the assignment from Caruso was not an "Assignment Agreement" under section 627.7152, rendering that statute inapplicable. American Integrity disagreed. It raised lack of standing as an affirmative defense, maintaining that the assignment was "invalid and/or void." American Integrity later moved for summary judgment on this same basis. HICA opposed summary judgment by again arguing that the assignment was beyond the scope of section 627.7152, and therefore, did not have to follow that statute to be valid. The court granted American Integrity's motion. The court's order included these findings:

> 6. The parties agree that [HICA] did not comply with the provisions of Fl. Stat. Sec. 627.7152. The issue for the Court to determine is whether the "assignment of benefits" obtained by [HICA] from CARUSO is subject to Fl. Stat. Sec. 627.7152 . . . .
>
> 7. The Court specifically finds that there is sufficient evidence in this case to show that any money recovered in this case would be used to make repairs to the roof by Noland Roofing and that payment would be made to Noland Roofing.
>
>> a. The Court finds that Noland's Roofing sent the direction to pay to American Integrity . . . .
>>
>> b. The Court finds that the Assignment Agreement specifically says that HICA will make payments in accordance with the direction to pay ("Any payments shall be made in accordance with any Direction of Payment relative to the below referenced claim").
>>
>> c. The Court finds that [HICA], through [its] Verified Answers to [American Integrity's] Interrogatories, has indicated that proceeds

3

from any recovery in this case would be used to pay Noland's Roofing ("Noland's Roofing, Inc. is the chosen contractor upon which the insured has executed a direction in pay in favor of.").

## II.

Orders granting summary judgment undergo de novo review. *See Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper when the movant shows (1) the absence of a genuine dispute as to any material fact and (2) entitlement to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). Here, HICA and American Integrity agree that if an assignment is governed by section 627.7152, it must comply with that statute to be valid. They also agree that the assignment here does not comply with the statute. Their disagreement is over the threshold question of whether the assignment falls under the statute in the first place.

Section 627.7152 "was enacted by the Florida legislature in 2019 to regulate assignment agreements that seek to transfer insurance benefits from the policyholder to a third party." *Total Care Restoration, LLC v. Citizens Prop. Ins. Corp.*, 337 So. 3d 74, 75–76 (Fla. 4th DCA 2022). It defines such agreements broadly. Under the statute, an "[a]ssignment agreement" is "any instrument by which post-loss benefits under a residential property insurance policy . . . are assigned or transferred, or acquired in any manner . . . to or from a person providing services to protect, repair, restore, or replace property or to mitigate against further damage to the property." § 627.7152(1)(b), Fla. Stat. (2020). This expansive definition has three parts: (1) *any* instrument (2) by which post-loss insurance benefits are acquired in *any* manner (3) to or from a person providing services to protect, repair, restore, or replace property or to mitigate against further property damage. HICA urges that because it is not a contractor, part (3) is not present here.

Before assigning his benefits to HICA, Caruso signed a direction of payment in favor of Noland's Roofing, which instructed American Integrity to make Noland's Roofing a payee on any disbursement check. In turn, Caruso's assignment to HICA states

4

that "[a]ny payments [from American Integrity] shall be made in accordance with" the direction of payment. The insured acknowledgement form reiterated that Caruso wanted HICA "to ensure that the direction to pay that [he] signed with a separate company is honored." When HICA sued American Integrity, it demanded "payment in accordance with the existing Direction of Payment." HICA's corporate representative testified that if HICA succeeds in obtaining funds, they will go to the homeowner's "chosen vendor through a direction to pay." Here, the chosen vendor is Noland's Roofing. HICA's corporate representative also acknowledged that the goal of HICA's lawsuit was to recover the replacement cost of Caruso's roof, plus interest and related costs.

In sum, there is no genuine dispute that consistent with the assignment's terms, any funds recovered by HICA will go to Noland's Roofing, the contractor Caruso chose to fix his roof. As the trial court found, this mandatory passthrough of benefits from HICA to Noland's Roofing places the assignment within the broad reach of section 627.7152. Even though HICA will not personally scale Caruso's house to repair his roof, it is seeking funds to facilitate those repairs. The boilerplate disclaimer in the assignment does not sanitize this dispositive, undisputed fact. *See Kidwell Grp., LLC v. Am. Integrity Ins. Co. of Fla.*, 347 So. 3d 501, 503 (Fla. 2d DCA 2022) (holding that an assignment was governed by section 627.7152, even though the assignee "attempt[ed] to disguise it as something else" by including a disclaimer like the one in this case).

### III.

The assignment HICA relies on is an "assignment agreement" under section 627.7152. The legislature has mandated that such assignments comply with all other provisions of that statute. Because the assignment here did not do so, it is "invalid and unenforceable." § 627.7152(2)(d), Fla. Stat. And without a valid assignment, HICA has no standing to sue American Integrity for its alleged breach of Caruso's insurance policy. *See Gables Ins. Recovery, Inc. v. Citizens Prop. Ins. Corp.*, 261 So. 3d 613, 627 (Fla. 3d DCA 2018). The trial court was right to enter a summary judgment for American Integrity.

AFFIRMED.

KILBANE and MACIVER, JJ., concur.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––